STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Russell Collins,    }
Therese Collins, Gary Collins, and   }
Ammie Collins                        }    Docket No. 267-11-00 Vtec
                                     }
                                     }

Decision and Order on Appellants= Motion for Summary Judgment

Appellants Russell and Therese Collins and Gary and Ammie Collins appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Fairlee denying conditional use approval for a child-care business in a single-family residence. Appellants are represented by Christopher Dye, Esq.; the Town is represented Andrea L. Gallitano, Esq.

The following facts are undisputed unless otherwise noted.

Appellants Russell and Therese Collins own a parcel of land containing a single-family residence on School Street in the Commercial zoning district of the Town of Fairlee. Even though it is in the Commercial zoning district, the parties appear to agree that the area is residential in character. Appellants Gary and Ammie Collins rent the property and live in the residence. Ammie Collins currently operates a state-registered family day care home (as defined in 33 V.S.A. ' 4902(3)) serving not more than six full-time children and four part-time children during the school year and twelve full-time children during summers, in addition to any children living at the residence. This is a permitted use of the residence under municipal zoning. 24 V.S.A. ' 4409(f).

Ammie Collins is applying to the State for a license to operate a day care facility. (33 V.S.A. ' ' 3502(c) and 4902(2)). She proposes to increase her business to serve no more than twelve children full-time and year-round. Because zoning approval is required to obtain the license, Appellants applied for conditional use and site plan approvals. The Planning Commission granted site plan approval. No party appealed that decision and it is now final. The ZBA, however, denied the conditional use application in the decision here on appeal. Appellants have moved for summary judgment on Questions 1, 3, 4 and 5 of their Statement of Questions.

For zoning purposes, 24 V.S.A. ' 4409(f) divides family child-care facilities into three categories, depending on the number of children served. A home serving six or fewer children is treated for zoning purposes entirely as a permitted single-family residential use. A home serving no more than six full-time children and four part-time children (or up to twelve full-time in the summer vacations) is also treated for zoning purposes as a permitted single-family residential use, but the zoning ordinance may require site plan review to be obtained. A family child care facility serving more than six full-time and four part-time children year-round A may, at the discretion of the municipality, be subject to all applicable municipal zoning bylaws.@ Appellants= proposal at issue in the present appeal falls into the third category.

Appellants first argue that, because the Town of Fairlee has not specifically adopted a regulation addressing this third category of child care homes, it has not A exercised its discretion,@ and that therefore none of its zoning bylaws are applicable to this category. However, ' 4409(f) does not require a municipality to adopt a zoning regulation specifically regulating child care facilities serving more than six full-time and four part-time children. Rather, it allows such a facility to be subject to any existing zoning bylaws otherwise applicable to it, unless the municipality amends its bylaws to exempt such businesses. Moreover, Appellants= interpretation of ' 4409(f) would lead to an irrational result, in that home child-care businesses serving no more than six full-time

children and four part-time children would be subject to site plan review, while larger home child-care businesses would be exempt from both conditional use and site plan review unless the municipality had enacted specific provisions for that category of use. Accordingly, Appellants= Motion for Summary Judgment on Question 1 of the Statement of Questions is DENIED and summary judgment is GRANTED in favor of the Town on that question.

Appellants next argue that ' 4.5(e) and (f) of the Town= s Zoning Regulations, regulating parking and traffic generated by home occupations, is beyond the authority of the ZBA to impose. Appellants argue both that ' 4.5(e) and (f) violate the state statutory protection for home occupations, 24 V.S.A. ' 4406(3), and that they impermissibly cover topics allocated to the Planning Commission and addressed by it in the site plan approval which has already been granted.

In connection with this argument, Appellants have not requested summary judgment on Question 6 of their Statement of Questions, regarding whether this application must be treated as a home occupation at all. It is possible that if the proposed use is a private preschool, it may qualify as a different permitted or conditional use in the Commercial district, without being subject to the additional requirements (as well as protections) of ' 4.5. Oddly, the Zoning Regulations do not appear specifically to provide for schools, or other commercially-run programs for children (such as dancing schools or art studios) although they do provide for summer camps. Nor do they define A community service uses@ which are listed as conditional uses in the Commercial zoning district. Nor do they provide an A other similar uses@ catch-all provision for conditional uses. Nor do they appear to have a provision limiting a landowner to one principal use per lot. We will expect that the parties will present evidence on Question 6 at the hearing, as that question has not been presented through summary judgment. For the purpose of the remaining questions we will assume, without deciding, that the proposal is to be treated as a home occupation.

Home occupations are protected by state statute: A No regulation may infringe upon the right of any resident to use a minor portion of a dwelling for an occupation which is customary in residential areas and which does not change the character thereof.@ 24 V.S.A. ' 4406(3). A Home occupation@ is defined in the Zoning Regulations consistently with the state statute. Section 4.5(e) also requires that traffic not be generated A in greater volumes than would be expected in the neighborhood.@ Section 4.5(f) also requires that parking A shall be provided off-street and shall not be located in front yards except for the first two cars.@ While these requirements go beyond the provision for home occupations found 24 V.S.A. ' 4406(3), both provisions can be read as addressing whether the proposal changes the character of a residential area, which is within the scope of inquiry for a home occupation.

In considering a conditional use, the ZBA, and hence this Court, is directed to determine whether the proposal will adversely affect the character of the area affected (' 5.6(A)(2)) and whether it will adversely affect traffic on roads and highways in the vicinity (' 5.6(A)(3)). Even though the Planning Commission will have considered the adequacy of traffic access, circulation and parking in its site plan review, the ZBA and hence this Court may also consider effects of the proposal on traffic, and effect= s of the proposal= s parking on the character of the area. Accordingly, Appellants= Motion for Summary Judgment on Question 3 of the Statement of Questions is DENIED and summary judgment is GRANTED in favor of the Town on that question.

Questions 4 and 5 of the Statement of Questions raise disputed issues of fact which must be resolved at trial. Specifically, the adequacy of the proposed off-street parking, the amount of additional traffic to be generated by the proposed use, and the effect of that traffic on safety, are all disputed issues of material fact. Accordingly, Appellants= Motion for Summary Judgment on Questions 4 and 5 of the Statement of Questions is DENIED as material facts are in dispute.

Appellants= April 4, 2001 cover letter to their motion, requesting expedited scheduling of this matter so that Appellants could plan for the school year that would start in September, did not

come to the Court=s attention until the end of July. Accordingly, we have scheduled the trial of the remaining issues in this matter for Wednesday, August 15, 2001, at the Fairlee Town Hall, and will hold a site visit if requested by the parties to do so. The parties will be given the opportunity to present oral argument at that hearing, or to file written requests for findings and any additional memoranda of law at that hearing, in which case the Court will if possible rule from the bench at that hearing.

Done at Barre, Vermont, this 7th day of August, 2001.


_____
Merideth Wright
Environmental Judge